150 F.3d 1213
 98 Cal. Daily Op. Serv. 6273, 98 Daily Journal
D.A.R. 8675
Vickie L. EDWARDS; Kathleen McCaulley, Plaintiffs-Appellees,
v.
CITY OF SANTA BARBARA, Defendant-Appellant.
Vickie L. EDWARDS; Kathleen McCaulley, Plaintiffs-Appellees,
v.
CITY OF SANTA BARBARA, Defendant-Appellant.
Vickie L. EDWARDS; Kathleen McCaulley, Plaintiffs-Appellees,
v.
CITY OF SANTA BARBARA, Defendant-Appellant.
 Nos. 95-56790, 96-56262 and 96-56558.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 3, 1997.
Decided Aug. 11, 1998.
 
 Janet K. McGinnis, Assistant City Attorney, Santa Barbara, CA, for defendant-appellant.
 Benjamin W. Bull, American Center for Law and Justice, Scottsdale, AZ, for plaintiffs-appellees.
 Alice P. Mead, San Francisco, CA, for amicus.
 Claire M. Sylvia, Office of the City Attorney, San Francisco, CA, for amicus.
 Appeal from the United States District Court for the Central District of California; Richard A. Gadbois, Jr., District Judge, Presiding. D.C. No. CV-94-02243-RG-JRx.
 Appeals from the United States District Court for the Central District of California; Ronald S.W. Lew, District Judge, Presiding. D.C. No. CV-94-02243-RSWL.
 Before: BROWNING, BRUNETTI and FERNANDEZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Vickie Edwards and Kathleen McCaulley, two "sidewalk counselors," challenged an ordinance of the City of Santa Barbara, California limiting demonstration activity near health care facilities and places of worship, passed after a protracted history of harassment by anti-abortion protestors. The ordinance prohibits demonstration within eight feet of entrances to medical facilities or places of worship, and permits a patient or worshiper to create an eight foot "floating buffer zone" or "bubble" within one hundred feet of such entrances by asking the demonstrator to withdraw.[1] The district court preliminarily enjoined enforcement of the ordinance. We remanded for reconsideration in light of Sabelko v. City of Phoenix, 68 F.3d 1169 (9th Cir.1995). On remand, the district court enjoined three of the four challenged provisions, upholding only the floating buffer zone within one hundred feet of a health care facility. The plaintiffs successfully moved for supplemental fees and costs. The City appealed the grant of the injunction and the award of fees and costs.
 
 
 2
 In the interim, the Supreme Court vacated our decision in Sabelko and remanded in light of Schenck v. Pro-Choice Network of Western New York, 519 U.S. 357, 117 S.Ct. 855, 137 L.Ed.2d 1 (1997). On remand, we held the Phoenix floating buffer zone provision unconstitutional and enjoined its enforcement. See Sabelko v. City of Phoenix, 120 F.3d 161, 165 (9th Cir.1997).
 
 
 3
 Guided by Schenck and Sabelko, we affirm the district court's preliminary injunction enjoining enforcement of the floating buffer zone provision. However, we conclude the fixed driveway provisions are a reasonable time, place, and manner restriction, and vacate the preliminary injunction of their enforcement.
 
 I.
 
 4
 Ordinance 4812 prohibits all demonstration activity within a specified distance of health care facilities and places of worship without regard to the message conveyed.[2] Because it is content neutral, the ordinance passes constitutional muster if it is "narrowly tailored to serve a significant government interest and ... leave[s] open ample alternative channels of communication." Frisby v. Schultz, 487 U.S. 474, 482, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988)(internal quotations omitted).[3] Although the regulation "must be narrowly tailored to serve the government's legitimate, content-neutral interests[,] ... it need not be the least restrictive or least intrusive means of doing so." Ward v. Rock Against Racism, 491 U.S. 781, 798-99, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989).[4]
 
 
 5
 A single legitimate government interest may be sufficient to sustain a content-neutral regulation. See, e.g., Heffron v. Int'l Soc'y for Krishna Consciousness, Inc., 452 U.S. 640, 650 n. 13, 101 S.Ct. 2559, 69 L.Ed.2d 298 (1981) (declining to consider second and third interests advanced by the state to justify a time, place, and manner restriction because the first adequately supported the regulation). The City contends three valid interests are served by the ordinance: (1) protecting persons seeking medical services or engaging in worship from harassment or intimidation; (2) ensuring access to medical facilities and places of worship; and (3) ensuring traffic safety. The Supreme Court has held these interests sufficient. See Schenck, 117 S.Ct. at 866 (government interests in "ensuring public safety and order, promoting the free flow of traffic on streets and sidewalks, protecting property rights, and protecting a woman's freedom to seek pregnancy-related services" are "certainly significant enough to justify an appropriately tailored injunction to secure unimpeded physical access to the clinics"). The City must also demonstrate that the ordinance is "narrowly tailored" to serve these valid interests and "leave[s] open ample alternative channels of communication." Ward, 491 U.S. at 791, 109 S.Ct. 2746.
 
 II.
 
 6
 In district court, the plaintiffs-appellees successfully challenged the driveway provisions creating a fixed buffer zone within eight feet of the entrances to medical facilities and places of worship, as well as the floating buffer zone in connection with places of worship.[5]
 
 
 7
 1. Driveway provisions.
 
 
 8
 Recent Supreme Court precedent has upheld much larger fixed buffer zones using the more rigorous standard for content-neutral injunctions. See Madsen, 512 U.S. at 770, 114 S.Ct. 2516; Schenck, 117 S.Ct. at 868. Against this background, the driveway provision does not sweep too broadly. A distance of eight feet is not too great to limit most forms of protest, and conversation is easily possible at that distance. The provision is narrowly tailored to the City's objectives: it ensures access to health care facilities by providing a clear, easily enforced zone of protection for the driveway entrances; facilitates the free flow of traffic by preventing protesters from blocking entrances; and furthers the City's interest in public safety and prevents direct "face to face" confrontations that could escalate into violence by physically separating demonstrators from persons entering the driveway areas. See Schenck, 117 S.Ct. at 866.
 
 
 9
 Although the driveway provision in connection with places of worship is unrelated to the City's interest in protecting patients in need of medical care, it is narrowly tailored to the City's interest in ensuring access to religious worship. It permits ample alternative avenues of communication, by placing no limit on speech or expressive activity outside a narrow zone.
 
 
 10
 2. Floating buffer zone.
 
 
 11
 With respect to the floating buffer zone, our decision in Sabelko, invalidating an eight-foot buffer zone on the grounds that it was not narrowly tailored, is dispositive. Like the provision challenged here, the invalidated buffer zone could be invoked within one hundred feet of a clinic. Unlike the ordinance challenged in Sabelko, Santa Barbara's ordinance has a severability clause. We, therefore, need not invalidate the entire ordinance. See Sabelko, 120 F.3d at 165.
 
 III.
 
 12
 On appeal, the plaintiffs have prevailed on only one of their challenges to the ordinance. We therefore vacate the original award and the supplemental award of attorneys' fees and costs and remand for redetermination of the amount due.[6] The district court should arrive at a reasonable fee award by identifying the specific hours expended on the floating buffer zone provision or by reducing the overall award to reflect the plaintiffs' limited success. See Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).
 
 
 13
 Each party shall bear its own costs.
 
 
 14
 REVERSED IN PART; AFFIRMED IN PART; ATTORNEYS' FEES AND COSTS VACATED.
 
 
 
 [1]
 See Section 9.99.030 ("the driveway provision" or "fixed buffer zone" prohibiting demonstration within eight feet of entrances to medical clinics or places of worship); see also Section 9.99.020 (the "bubble" or "floating buffer zone" permits people within one hundred feet of such entrances to request that anyone who approaches them "withdraw to a distance of ... eight feet")
 
 
 [2]
 It is undisputed that the ordinance prohibits speech in a traditional public forum. See, e.g., Frisby v. Schultz, 487 U.S. 474, 479-82, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988)
 
 
 [3]
 Plaintiffs argue the ordinance was designed to suppress their viewpoint. See, e.g., Church of Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993) (local ordinance struck down because of viewpoint bias reflected in the legislative history). However, an ordinance may be motivated by a concern about the effects of speech without running afoul of the First Amendment. See City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 47-49, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986). The fact that a majority of those prosecuted under the ordinance have been anti-abortion protesters does not permit an automatic inference of discriminatory purpose in its adoption
 The plaintiffs also argue that the ordinance has been selectively enforced against them, citing the deposition responses of two police officers to hypothetical questions. This argument lacks force, given the small number of citations issued by these two officers and the fact that thirty-one other officers issued the remaining citations. Moreover, the training video clearly shows the Deputy City Attorney explaining that all demonstration activity is prohibited regardless of the "side."
 
 
 [4]
 See also Madsen v. Women's Health Center, Inc., 512 U.S. 753, 764-65, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994) (announcing a newly heightened standard for content-neutral injunctions, but restating the Ward test for legislative enactments of general applicability)
 
 
 [5]
 The district court upheld the floating buffer zone within one hundred feet of a health care facility and the plaintiffs have not appealed that decision. On October 6, 1997, in light of our decision upon remand from the Supreme Court in Sabelko, the district court granted plaintiffs' renewed motion for preliminary injunction barring enforcement of the floating buffer zone as applied to health care facilities
 
 
 [6]
 The district court clearly stated the applicable standard for evaluating Section 1988 awards in its October 24, 1995 order, granting the plaintiffs' motion for attorneys' fees. The supplemental award of fees and costs was also within the discretion of the district court. In each instance, the request for fees was supported by billing statements